In re **TENNESSEE CHEMICAL COMPANY, Debtor.**

**Bankruptcy No. 1–89–01106.**

United States Bankruptcy Court,
E.D. Tennessee, S.D.

Sept. 20, 1990.

Scott N. Brown, Jr. of Brown, Dobson, Burnette & Kesler, Chattanooga, Tenn., Trustee.

David G. Epstein of King & Spalding, Atlanta, Ga., for Boliden Intertrade, AG.

ORDER AUTHORIZING SALE OF ASSETS, FREE AND CLEAR OF LIENS, DISBURSING PROCEEDS FROM SALE AT TIME OF CLOSING, AND GRANTING AND RECOGNIZING LIENS

RALPH H. KELLEY, Chief Judge.

This cause came on for hearing pursuant to notice on September 19, 1990, upon the Motion of the Trustee ("Motion") on behalf of Tennessee Chemical Company ("Debtor") for the sale ("Sale") of assets to Boliden Intertrade A.G. ("Boliden"), filed August 29, 1990 which assets include all assets set forth in paragraph 20 of the Motion ("Assets"). At the hearing, the Court heard testimony of witnesses and arguments of counsel and reviewed the record of proceedings in this cause. There were no other qualifying bids for the Assets. The only parties objecting to the said motion and relief sought therein were Polk County, Tennessee, UTLX, and Peridot Chemical. All of these parties withdrew their objections orally at the hearing.

The Court finds that compelling business reasons require that the Assets be sold and sold at this time; that, without approval of the Sale today, the Trustee would be required to liquidate the Assets; that the Debtor, Creditors' Committee and Trustee actively and aggressively marketed the Assets and made every reasonable effort to identify and interest possible purchasers; that the Creditors' Committee was involved in the decision to sell the Assets, participated in the preliminary screening of and negotiations with potential purchasers, and participated in the final decision to sell the Assets to Boliden; that the Sale is an arms' length transaction with a third party and was negotiated in good faith; that the price

is fair and reasonable; that the Sale is in the best interests of the estate and will maximize the distribution to all creditors and parties in interest, including the parties that objected and then withdrew their objections; that the Motion adequately describes the terms of the Sale and is consistent with the terms set out in the Term Sheet considered by this Court in Hearings on February 23, 1990, and March 16, 1990, and approved in principle by this Court by Orders of March 19, 1990, and March 21, 1990, from which no appeal was taken; that the Motion adequately describes the changes from the Term Sheet and the reasons for such changes; that as a result of the Sale, all undisputed liens on the Assets will be fully satisfied; that the Motion fails to reflect a dispute over payments to CSXT that necessitates that a part of the payment to CSXT called for by the Motion to be held in escrow pending resolution of that dispute; that CSXT has consented to this change from the Motion and that the rights of the other creditors under the Motion are not affected by this change; that Shell Canada Limited ("Shell") holds a valid lien on certain of the Assets; that the extent of Shell's interest in the Assets is presently the subject of a bona fide dispute between the Trustee and Shell; that Shell's interest in the Assets is adequately protected by the Trustee's escrowing of $809,000 of the proceeds from the Sale and its lien on all of the non-real estate assets of the Debtor not being purchased by Boliden; that the price at which the Assets are being sold is greater than the aggregate value of all liens on the Assets; that as a result of the Sale, there is a cure or adequate assurance of prompt cure on all executory contracts and leases assumed by the Trustee and assigned to Boliden by the Sale; that Boliden's guarantee of future performance of the contracts and leases assigned by the Sale provides adequate assurance of future performance; and that Boliden's payment obligations under the Motion reflect and replace Boliden's obligations to pay the Debtor the operating losses under the Management Agreement and Court Order of March 19, 1990.

Accordingly, it is

ORDERED that, pursuant to Section 363(b) and Section 363(f) of the Bankruptcy Code, the Motion is approved and the Trustee is authorized to sell the Assets to Boliden upon the terms of the Motion and subject to the conditions set forth therein and subject to the terms of this Order; and it is further

ORDERED, that, pursuant to Section 363(f) of the Bankruptcy Code, the sale of Assets to Boliden shall be and hereby is deemed to be free and clear of all liens, claims and interests in or against the Assets;

ORDERED, that the Motion is being granted subject to the State of Tennessee and the United States of America and Boliden successfully concluding negotiations and executing agreements by Thursday, September 20, 1990, not later than midnight *; and it is further

ORDERED, that the Order shall not change or affect the obligations of Boliden under these agreements with the various environmental authorities of the United States and the State of Tennessee; and it is further

ORDERED that, in the event that the agreement or agreements negotiated between Boliden and the United States and/or State of Tennessee require Boliden to own or have access or some measure of control over more than 2,000 acres then this Court shall consider at its Hearing scheduled for 5:15 on September 20, 1990, whether Boliden should make any additional payment to the Debtor and the amount of that payment;

ORDERED, that nothing herein shall change or affect the right of the various environmental authorities of the United States and the State of Tennessee to file a Proof of Claim in this case, for costs already incurred and/or a Proof of Claim for costs not yet incurred there being no bar date in this Case for the filing of Proofs of Claim;

ORDERED that, Boliden shall have no obligation to pay future profits to the Debtor or the Trustee and shall have a lien upon

---

* The Court was advised that the agreement was executed at 11:59 p.m.

the Debtor's retained non-real estate assets to secure payment to it of $900,000 of the payments made by Boliden of the Debtor's obligations detailed in paragraph 14 of the Motion, junior to professional fees, balance of cures of executory contracts, and the secured claim of Shell Canada, Ltd., if any. Boliden also will have the right to claim an additional $238,000.00 of the payments made by Boliden of the Debtor's obligations detailed in paragraph 14 of the Motion as an administrative expense priority claim and the Trustee has the right to object to this claim;

ORDERED, that the Trustee is authorized to consummate the transactions and payments contemplated in the Motion and to take such acts as may be necessary to consummate the transactions and payments specified therein including, without limitation, disbursing funds as follows: CSXT $2,995,000.00 and Scott N. Brown, Jr., Special Trustee Account CSX–Boliden, $955,000.00; UTLX, $220,000.00; PLM, $18,000.00; GERC, $157,000.00; JMZ, $924,761.00, less cure payments advanced for JMZ and interest thereon (which may be taken as a credit by Boliden against the sales price); Polk County, Tennessee, $413,000.00; Ducktown Banking Company, $187,000.00 (approximately); and Scott N. Brown, Jr., Special Trustee Account for Claim of Shell Canada, Ltd., $809,000.00, to be held in an interest-bearing account, pending resolution of the litigation between the Trustee and Shell; and it is further

ORDERED, that, in making said disbursements, the Trustee is authorized to use cash presently in his hands in addition to the Boliden proceeds; and it is further

ORDERED that as additional adequate protection of its interest in the non-real property Assets, Shell Canada Limited shall have a lien in an amount of Shell's allowed secured claim determined ultimately by the Court, subordinate only to professional fees, the lien of CSXT, and the balance of cures heretofore required by this Court on executory contracts assumed by the Debtor or Trustee, on the other personal property of the Debtor, including, without limitation, the Debtor's interest in AES stock; and it is further

ORDERED, that, subsequent to the closing with Boliden, claims shall be satisfied from estate assets as lien claims in the following order: first, professional administrative fees and Trustee fees as allowed by the court; second, CSXT's remaining contract cure payments in full with interest thereon at 1.5% above the Trust Company Bank, Atlanta, Georgia, publicly announced prime rate, commencing six months after the closing with Boliden; third, remaining contract cure payments due UTLX, PLM, and GERC; fourth, lien of Shell Canada, Ltd.; and fifth, Boliden, $900,000.00, as reimbursement and settlement of its claims for reimbursement of Chapter 11 administrative expenses it paid on behalf of the estate;

ORDERED that the Trustee shall, at the request of Boliden, assume and assign to Boliden or its designee, any other executory contracts or leases of the Debtor so long as the Debtor is not required to bear any part of the costs of curing any defaults on any such contracts or leases.

ORDERED, that in the event the dispute over payments to CSXT cannot be solved by negotiations, the Court shall hold a hearing to resolve the dispute no later than 10 A.M., Nov. 14, 1990; and it is further

ORDERED, that the Trustee shall grant to Boliden access to operate the London Mill Waste Water Treatment Plant for one year, and access to other real property retained in the estate to perform environmental remediation work as the Trustee and Boliden shall agree hereafter; and it is further

ORDERED, that this Order shall not be stayed except upon motion and bond in the amount of $20,000,000.00, and that absent any such stay the Trustee and Boliden shall proceed to perform in accordance with this Order.